[No. 2273.]

JOSEPH LONGENOTTI *v.* THE STATE.

1. OCCUPATION TAXES—INFORMATION.—The Act of the Seventeenth Legislature, called session (page 20), provides that the tax to be assessed and collected for every billiard, bagatelle, pigeon hole, devil among the tailors, or jenny lind table, or anything of the kind used for profit, shall be twenty dollars; and any such table used in connection with a drinking saloon or other place of business where intoxicating liquors are sold or given away, or upon which any money or other thing of value is paid,

shall be regarded as used for profit. *Held*, that the said Act does not authorize the taxation or license of the use of a pool table, *eo nomine;* and in as much as a "pool table" is not one of the tables enumerated in the act, the information, to charge an offense under the act, should have alleged that the said pool table was of a kind with some one or all of those mentioned, and that it was used for profit. The motion to quash the information should have been sustained, and, failing to sustain it, the trial court erred in overruling the motion in arrest.

2. SAME—PENALTY—CHARGE OF THE COURT.—The penalty for pursuing a taxed occupation without having paid license therefor, is a fine not less than the amount of taxes due, and not more than double that amount. In charging the jury that they could fine the defendant in an amount equal to the State and county tax, the trial court erred.

APPEAL from the County Court of Bowie. Tried below before the Hon. Jo. M. Harrell, County Judge.

The opinion discloses the case. The penalty assessed was a fine of thirty dollars.

*Todd & Hudgins*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. The gravamen of the offense as charged in the information in this case is in the following language, viz., that appellant did "unlawfully pursue the occupation of keeping a pool table, said table being then and there used in connection with a drinking saloon, without first having obtained a license therefor; the amount of taxes then and there being due for pursuing said occupation being twenty dollars to the State of Texas and ten dollars to the said county of Bowie; the said sums so due the said county of Bowie being the amount of the county tax levied for the year A. D. 1886, on every person pursuing said occupation in said county, by the county commissioners court of said county, at the February term of said court, in the year A. D. 1886, contrary" etc.

We know of no law authorizing the taxing and licensing the use of a pool table *eo nomine*. The Act of the Seventeenth Legislature, called session, page 20, provides that the tax to be assessed and collected for "every billiard, bagatelle, pigeon hole, devil among the tailors, or jenny lind table, or anything of the kind used for profit," shall be "twenty dollars, and any such table used in connection with a drinking saloon, or other place

of business where intoxicating liquors are sold or given away, or upon which any money or other thing of value is paid, shall be regarded as used for profit." The information is, we presume, brought under this provision of the law. We are of opinion that, in as much as "a pool table" is not one of the tables. enumerated in the statute, an information, in order to bring such a table within the terms of the statute, should allege that. such table was of a kind with some one or all of those mentioned, and that it was used for profit. This allegation, we take-it, is essential to bring any other than the enumerated and specified tables within the purview of the statute. The information should set forth, by proper and certain averments, all the facts necessary to constitute a complete offense. (3 Texas Ct. App., 605; 8 Texas Ct. App., 127; 9 Texas Ct. App., 563; 14 Texas Ct. App., 171.)

Appellant's motions to quash and in arrest, based upon the insufficiency of the information, should have been sustained. But. had the information been sufficient, the judgment would nevertheless have been reversed because the charge to the jury instructed them incorrectly as to the penalty to be assessed. Pursuing a taxable occupation without license is punishable under our code by fine in any sum not less than the amount of the taxes due and not more than double that sum. (Penal Code, Art. 110.) The trial judge instructed the jury, in case they found defendant guilty, they should assess his punishment by fine equal to the amount of State and county tax, namely, thirty dollars. (Clark's Crim. Law, p. 517 and note; Howard v. The State, 18 Texas Ct. App., 348.)

But because the information is fatally defective, and charges. no offense under the law, the judgment is reversed and the pro-. secution is dismissed.

*Reversed and dismissed.*